UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: **CV 08-02444 SJO (PLAx)**         DATE: **May 30, 2008**

TITLE:     **Lenamae Valencia Baird v. Safeway Insurance Company**

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| Victor Paul Cruz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANT:**
Not Present                                 Not Present

========================================================================
**PROCEEDINGS (in chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Docket No. 7]

   This matter is before the Court on Plaintiff Lenamae Valencia Baird's Motion to Remand, filed May 6, 2008. Defendant Safeway Insurance Company ("Safeway") filed an Opposition, to which Baird replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 27, 2008. *See* Fed. R. Civ. P. 78(b). Because this case does not meet the amount in controversy requirement for diversity jurisdiction, Baird's Motion is GRANTED.

   Baird was injured in a car accident. She sued Safeway, her insurance company. Eleven months later, Baird requested $150,000 to settle the case. Based on this settlement demand, Safeway removed the case to this Court based on diversity jurisdiction, contending that the case meets the $75,000 amount in controversy requirement.

   Although a settlement letter may provide evidence of the amount in controversy, the settlement letter must "appear[] to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Safeway offers no evidence – other than Baird's settlement offer – that this case is worth more than $75,000. Baird acknowledges that settlement demands, including hers, are a form of "puffing." (Mot. 5.) Accordingly, Baird's settlement offer does not meet Safeway's burden to establish the amount in controversy.[1]

   Baird's Motion is GRANTED. This case is REMANDED to Los Angeles Superior Court.

   IT IS SO ORDERED.

---

[1] In addition, Safeway has not established diversity of citizenship. This Court's Initial Standing Order notifies the removing party that the notice of removal must analyze citizenship under the six factors outlined in *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990). Safeway's Amended Notice of Removal is deficient because it fails to address three of the *Industrial Tectonics* factors.

| MINUTES FORM 11 | | 0 : 00 |
|---|---|---|
| CIVIL GEN | Page 1 of 1 | Initials of Preparer   CSI |